IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DONNA GARCIA, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR HER MINOR CHILDREN, J. L. AND G. L.,

Plaintiff,

vs.

CITY AND COUNTY OF HONOLULU, et al.,

Defendants.

CIV. NO. 18-00100 ACK-KSC

FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR ATTORNEYS' FEES

**FINDINGS AND RECOMMENDATION**
**TO DENY DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

On November 30, 2018, Defendants April Daniels, Arlynn Orpilla, Bonnie McKewen, Harold Uehara, Timothy Slovak, Mikel Frederick, Robert A. Cravalho, Darrien Thornley, Gary Daniels, Thomas Nitta, Leonard Nishimura, Benjamin Moszkowicz, Alan Rodrigues, Keith Vegas, Brian Blackwell, Brandon Lau, and Ryan Hironaka (collectively "Defendants") filed Defendants [sic] Motion for Attorneys' Fees ("Motion"). The Court finds the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.

The Defendants have not shown that they are entitled to their attorneys' fees. Attorneys' fees may be awarded to a prevailing defendant where the plaintiff's claims are

found to be frivolous. The Defendants prevailed on their motions to dismiss. However, this Court cannot find that the Plaintiff's claims were frivolous just because the Plaintiff did not establish a prima facie case and Plaintiff's claims were time-barred due to a Second Circuit case. Moreover, the District Court ruled on the Defendants' motions to dismiss and made no finding of frivolousness. After reviewing the parties' submissions, records, and relevant law, the Court FINDS and RECOMMENDS that the Motion be DENIED.

## RELEVANT BACKGROUND

Plaintiff Donna Garcia, individually and as guardian ad litem for her minor children, J.L. and G.L. ("Plaintiff"), filed a Complaint on March 15, 2018 alleging a 42 U.S.C. § 1983 violation of her Fourteenth Amendment rights under the U.S. Constitution, intentional infliction of emotional distress, and negligence. The Complaint names the City and County of Honolulu ("Defendant Honolulu"), twenty-one Honolulu Police Department ("HPD") officers ("Officer Defendants"), and John and/or Jane Does 1-10 as defendants. The claims arise from Plaintiff's allegations of domestic abuse by her ex-husband, Defendant Ronald J. Lombardi, an HPD officer.

Beginning in May 2018, the majority of the defendants filed motions to dismiss. On May 4, 2018, Defendant Honolulu filed a Motion to Dismiss ("Defendant Honolulu's Motion"). On May 14, 2018, Defendant Robert A. Cravalho filed a Motion to Dismiss ("Defendant Cravalho's Motion"). On June 19, 2018, Defendant Benjamin Moszkowicz filed a Motion to Dismiss ("Defendant Moszkowicz's Motion"). On July 31, 2018, the remaining Officer Defendants, with the exception of Defendant Ronald J. Lombardi, filed

a Motion to Dismiss ("Officer Defendants' Motion"). In response, on October 11, 2018, the Plaintiff filed an Omnibus Memorandum in Opposition to Defendant Honolulu's, Defendant Robert A. Cravalho's and Defendant Benjamin Moskowicz's Motions to Dismiss Complaint Filed on March 15, 2018. On October 15, 2018, the Plaintiff filed her Memorandum in Opposition to Officer Defendants' Motion to Dismiss Complaint Filed on March 15, 2018. On October 18, 2018, Defendant Honolulu filed its reply. Defendants Cravalho and Moszkowicz filed their reply on that same day. On October 22, 2018, the remaining Officer Defendants, except for Defendant Lombardi, filed their reply. The hearing on defendants' motions was held on November 9, 2018 at 11:00 a.m. before U.S. District Court Judge Alan C. Kay.

On November 16, 2018, Judge Kay issued an Order Granting Defendants' Motions to Dismiss ("Order"). Judge Kay (1) "grant[ed] with prejudice the Officer Defendants' Motion as to all claims except those asserted against Officers Arakawa, Hee, and Lee in their individual capacities, which were dismissed without prejudice;" (2) "grant[ed] with prejudice Defendant Cravalho's Motion and Defendant Moszkowicz's Motion as to all claims;" and (3) "grant[ed] without prejudice Defendant Honolulu's Motion as to all claims." ECF No. 64. The instant Motion followed shortly thereafter.

<u>DISCUSSION</u>

The Defendants argue that they are entitled to an award of attorneys' fees under 42 U.S.C. § 1988 because the Plaintiff's claims were frivolous, unreasonable and without foundation. The Plaintiff's Complaint alleges a 42 U.S.C. § 1983 violation. Under Section 1988, "[i]n any action or proceeding to enforce a provision of section[ ] . . . 1983

. . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . ." To be considered a "prevailing party," a party must "succeed 'on any significant issue in litigation which achieves some of the benefit [the parties] sought in bringing suit.'" LSO, Ltd. v. Stroh, 205 F.3d 1146, 1160 (9th Cir. 2000) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). In this case, the Defendants were the prevailing parties. The Order granted the Defendants' motions to dismiss and dismissed all claims against them.

"The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." Hensley, 461 U.S. at 429 (1983) (quoting H.R. Rep. No. 94–1558, p. 1 (1976)). "Accordingly, a prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" Hensley, 461 U.S. at 429 (quoting S. Rep. No. 94–1011, p. 4 (1976)) (citations omitted). On the other hand, a strict standard is applied when awarding attorneys' fees to a prevailing defendant. Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 619 (9th Cir. 1987). A prevailing defendant has "the burden of establishing entitlement to an attorneys fees award[.]" Harris v. Maricopa County Superior Court, 631 F.3d 963, 971 (9th Cir. 2011) (citations omitted). A prevailing defendant should only be awarded attorneys' fees in civil rights cases under "exceptional circumstances" and "may recover attorneys' fees only if the plaintiff's action was 'frivolous, unreasonable or without foundation.'" Barry v. Fowler, 902 F.2d 770, 773 (9th Cir. 1990) (citations omitted) (emphasis added).

"A case may be deemed frivolous only when the 'result is obvious or the . . . arguments of error are wholly without merit.'" Gibson v. Office of Atty. Gen., State of California, 561 F.3d 920, 929 (9th Cir. 2009) (quoting Karam v. City of Burbank, 352 F.3d 1188, 1195 (9th Cir. 2003)) (citations omitted).  A District Court's award of attorneys' fees pursuant to 42 U.S.C. § 1988 is reviewed for abuse of discretion.  Edgerly v. City & Cty. of San Francisco, 599 F.3d 946, 962 (9th Cir. 2010) (citing LSO, Ltd. v. Stroh, 205 F.3d 1146, 1160 (9th Cir. 2000)).  "A district court may award attorneys' fees to a prevailing defendant 'only where the action brought is found to be unreasonable, frivolous, meritless, or vexatious.'"  Edgerly, 599 F.3d at 962 (quoting Patton v. County of Kings, 857 F.2d 1379, 1381 (9th Cir. 1988); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)).  This strict standard serves to uphold "Congress' policy of promoting vigorous prosecution of civil rights violations under . . . § 1983."  Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 619 (9th Cir. 1987) (citations omitted).

Based on the submissions and records in this case, this Court cannot find that the Plaintiff's case was frivolous, unreasonable, or without foundation.  The Defendants argue that the Plaintiff's claims were frivolous because the District Court granted the Defendants' motion to dismiss with prejudice, there was no legal or factual basis to the Plaintiff's claims, and the Plaintiff failed to even assert the basic elements of her claim.  These arguments do not rise to the level of exceptional circumstances that warrant the award of attorneys' fees.

Although the District Court granted the Defendants' motions to dismiss with prejudice, this Court cannot find that the Plaintiff's action was frivolous on this fact

alone. A dismissal with prejudice does not within itself mean that the Defendants are entitled to attorneys' fees. See Maag v. Wessler, 993 F.2d 718, 721 (9th Cir. 1993) (quoting Hughes v. Rowe, 449 U.S. 5, 14 (1980) (per curiam) ("'the fact that Plaintiff may ultimately lose his [civil rights] case is not in itself a sufficient justification for the assessment of fees.'"); Berry v. E.I. Dupont de Nemours and Co., 635 F. Supp. 262, 266 (D. Del. 1986) ("[a]lthough a defendant has prevailed in a civil rights case, and a plaintiff has not met its prima facie burden, it does not necessarily follow that attorney's fees should be awarded to the defendant"); Hudson v. Western Airlines, Inc., 851 F.2d 261, 267 (9th Cir. 1988) (the fact that the plaintiff does not prevail is not enough to justify an award of fees to a prevailing defendant); Forsberg v. Pac. Northwest Bell Tel. Co., 840 F.2d 1409, 1422 (9th Cir. 1988) (affirming district court's denial of attorneys' fees to prevailing defendant where summary judgment granted as to all claims); Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007) (that a plaintiff loses at summary judgment does not render his or her case per se frivolous, unreasonable, or without foundation). The Supreme Court has cautioned that:

> it is important that the district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success . . . Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Christiansburg Garment Co. v. Equal Emp't Oppty Comm'n, 434 U.S. 412, 421-22 (1978). This Court would be engaging in post hoc reasoning if it were to find the Plaintiff's claims frivolous based on the District Court's Order dismissing the Plaintiff's claims against the Defendants. Moreover, the Plaintiff's case is "not the type of case that justifies the award of attorney's fees." Cf. Mitchell v. Office of Los Angeles County Superintendent of Schools, 805 F.2d 844, 848 (9th Cir. 1986) (citing Wood v. McEwen, 644 F.2d 797, 802 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982) (awarding fees against pro se litigant who filed over 36 cases raising same claims and asserting frivolous grounds of error on appeal)).

The Defendants argue that the Plaintiff's claim was frivolous because it was factually and legally deficient. In support, the Defendants cite to the District Court's Order stating that the "Plaintiff has not even set forth the basic elements of either a class-based or class-of-one equal protection claim." Defendants' Reply Memorandum in Support of Their Motion, ECF No. 74, p. 3, ¶ 1 (citing Order, ECF No. 64, p. 37, ¶ 2). However, just "[b]ecause a plaintiff has not met a prima facie burden and has not presented enough evidence[,] . . . does not lead to a finding of frivolity or groundlessness." Berry v. E.I. Dupont de Nemours and Co., 635 F. Supp. 262, 266 (D. Del. 1986). "Whether a plaintiff has established a prima facie case is only one factor in considering whether a claim is frivolous or groundless. Other factors are whether the defendant offered to settle and whether the trial court dismissed the case prior to trial or held a full blown trial on the merits." Id. (citing Pippin v. United States Truck Co., Inc., 520 F. Supp. 144, 149 (E.D. Mich. 1981); Sullivan v. School Bd. of Pinellas County, 773

F.2d 1182, 1189 (11th Cir. 1985)). Here, the District Court dismissed the Plaintiff's claims against the Defendants prior to trial and did not hold a trial on the merits.

However, Judge Kay made no finding that the Plaintiff's claims were frivolous, unreasonable, or without foundation. Judge Kay ruled upon the Defendants' motions to dismiss and evaluated the Plaintiff's claims after full briefing and oral arguments. Absent a finding of frivolousness by Judge Kay, this Court declines to recommend an award of attorneys' fees to the Defendants. See, e.g., Kaalakea v. Haw. Health Sys. Corp., Civil No. 07-00177 DAE-KSC, 2008 WL 4809474, at *3 (D. Haw. Nov. 4, 2008) (denied prevailing defendant's motion for attorneys' fees despite Judge Ezra's characterization of the case as one of "dubious substantive merit," because of absence of finding by Judge Ezra that the plaintiff's claims were frivolous, unreasonable, or without foundation); Namohala v. Maeda, Civil No. 11-00786 JMS-KSC, 2014 WL 1326584 (D. Haw. Apr. 1, 2014) (denied prevailing defendant's motion for attorneys' fees when Judge Seabright did not make a finding of frivolousness).

The Defendants further contend that the Plaintiff's claims were frivolous because during the hearing on Defendants' motion to dismiss, the Plaintiff conceded (to the application of the ruling in Shomo v. City of New York) that all claims against the Defendants were time-barred. Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009). However, Shomo is a Second Circuit case. Id. "A case 'is less likely to be considered frivolous when there is very little case law directly apposite.'" Karam v. City of Burbank, 352 F.3d 1188, 1195 (9th Cir. 2003) (citing Int'l Bhd. Of Teamsters v. Silver State Disposal Serv., Inc., 109 F.3d 1409, 1412 (9th Cir. 1997) (refusing to award fees

and cost because of the lack of case law defining the precise contours of the exceptions to the doctrine of functus officio); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1489 (9th Cir. 1995) (holding that the prevailing defendant was not entitled to attorney fees under § 1988 because there "was very little case law directly apposite"). The Defendants have not demonstrated that the Plaintiff's claims were frivolous when, as the Plaintiff points out, Shomo is not a Ninth Circuit case, Shomo has only been adopted by one other circuit, the Tenth Circuit Court of Appeals, and neither party had cited to Shomo in their filings related to the Defendants' motions to dismiss.

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the Defendants Motion for Attorneys' Fees, filed November 30, 2018 be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 27, 2019.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

Kevin S.C. Chang
United States Magistrate Judge

*Donna Garcia, Individually and as Guardian Ad Litem for Her Minor Children, J. L. and G. L. vs. City and County of Honolulu, et al.*; Civ. No. 18-00100 ACK-KSC; Findings and Recommendation to Deny Defendants' Motion for Attorneys' Fees

9