IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DONNA GARCIA, Individually and As Guardian <u>Ad Litem</u> for Her Minor Children, J.L. and G.L.<br><br>    Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF HONOLULU; RONALD J. LOMBARDI; LANELL ARAKAWA; NATHAN HEE; PAUL LEE; and JOHN and/or JANE DOES 1-10,<br><br>    Defendants. | Civ. No. 18-00100 ACK-WRP |

**<u>ORDER DENYING PLAINTIFF GARCIA'S MOTION FOR RECONSIDERATION</u>**

On September 18, 2020, the Court issued its Order Granting Defendants' Motions for Judgment on the Pleadings and Summary Judgment. ECF No. 191 (the "Order"). The Court found, among other reasons, that the City and County of Honolulu could not be held liable for actions of Honolulu Police Department ("HPD") Officer Ronald Lombardi ("Defendant Lombardi") because Defendant Lombardi did not take those actions under color of law. ECF No. 191 at 67-71. On October 2, 2020, Plaintiff Garcia filed a Motion for Reconsideration, ECF No. 192 (the "Motion") arguing that the Court committed a manifest error of law and fact in reaching this holding. On October 23, 2020,

- 1 -

Plaintiff Garcia further filed a Supplement supporting the Motion, ECF No. 193 (the "Supplement").

This matter shall be decided without a hearing pursuant to Local Rule 7.1(d).  For the reasons articulated below, the Motion is DENIED.

### STANDARD

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)."  Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  Plaintiff Garcia relies on Rule 60.  Mot. at 2.  A motion for reconsideration may be brought on any of the grounds listed in Federal Rule of Civil Procedure ("Rule") 60(b) including, as relevant here, the catch-all under Rule 60(b)(6) for "any other reason that justifies relief."  "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice."  United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

A successful motion for reconsideration must accomplish two goals.  "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision.  Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse

its prior decision." Winterbottom v. Underriner, No. CV 19-00364 JAO-WRP, 2019 WL 7116352, at *1 (D. Haw. Dec. 23, 2019) (quoting Jacob v. United States, 128 F. Supp. 2d 638, 641 (D. Haw. 2000)).

"Motions for reconsideration are disfavored" and "may not repeat arguments already made, unless necessary to present one or more of the permissible grounds for the reconsideration request." L.R. 60.1. "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted).

**DISCUSSION**

Plaintiff Garcia seeks reconsideration of the Court's holding that Defendant Lombardi was not acting under color of law based largely on two specific instances. First, Plaintiff Garcia argues that "the Court overlooked and failed to adequately consider facts and law regarding the 2017 Virginia Juvenile and Domestic Relations District Court proceeding which involved Defendant LOMBARDI's use of the false custodial interference reports." Mot. at 3. Second, Plaintiff Garcia argues that during a 2012 hearing before the Virginia family court, Defendant Lombardi represented that he did not sexually assault his and Plaintiff Garcia's daughter, and argued that he

- 3 -

would have lost his job as a police officer had he done so. Mot. at 3-4. Plaintiff Garcia argues that the latter comment standing alone shows color of law, and shows joint action between Defendant Lombardi and the City and County of Honolulu because the City and County did not fire or discipline Defendant Lombardi for the sexual assault. Mot. at 4. According to Plaintiff Garcia, "[t]he failure to fire or discipline" Defendant Lombardi permitted him "to continue to argue to the Virginia court that he had not sexually assaulted his daughter and that he should still be entitled to visitation because if he had [committed the assault], he would have lost his job." Mot. at 4.

Plaintiff Garcia's arguments fail because she already made these arguments to the Court and because the Court once again finds that her arguments lack merit.[1]

### I. Plaintiff Garcia Repeats Arguments Already Made

As stated above, a motion for reconsideration "may not repeat arguments already made, unless necessary to present one or more of the permissible grounds for the reconsideration request." L.R. 60.1. "A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly." Defs. of Wildlife v.

---

[1] The Court notes that, even if Plaintiff Garcia's arguments on color of law were successful, her claims against the City would still fail for several other reasons discussed in the Order.

Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (internal quotation marks and citation omitted).  "Arguments that a court was in error on the issues it considered should be directed to the court of appeals."  Id.

Plaintiff Garcia repeats arguments made in her Opposition to the City and County of Honolulu's Motion for Summary Judgment.  Concise Statement in Opp., ECF No. 158, ¶ 41 ("In the 2012 Virginia family court . . . Defendant LOMBARDI denied sexually abusing G.L. saying that if he had, he would have been fired from his job as a police officer."); id. ¶¶ 1-10 & Opp., ECF No. 160 at 2-3 (arguing that Defendant Lombardi committed a sexual assault against his and Plaintiff Garcia's daughter but was not disciplined); Opp., ECF No. 160 at 8 (arguing that Defendant Lombardi acted under color of law because he "had the assistance of other officers . . . in bringing baseless criminal contempt and custodial interference charges against Plaintiff").

Plaintiff Garcia argues that the Court committed a manifest error of law and fact when it held that these factual allegations did not show that Defendant Lombardi acted under color of law.  The Court, however, already analyzed these arguments in reaching its decision.  The Court found that both instances of conduct that occurred prior to 2016—encompassing HPD's investigation into Defendant Lombardi's alleged sexual

- 5 -

assault in 2008 and Defendant Lombardi's assertion made in the Virginia family court in 2012—could not be considered because they, respectively, were outside of the statute of limitations. The Court went on to analyze the allegation regarding Defendant Lombardi's use of the incident reports in the 2017 Virginia family court action and held that this did not rise to the level of joint action for purposes of showing color of law.  The Court stated, "Plaintiff Garcia includes no allegations that HPD generally or any HPD officers (other than Lombardi) were involved in Defendant Lombardi's use of the Incident Reports in the Virginia proceeding.  Because the police were not involved, there is no basis for the Court to find joint action."  Order at 71.

"Plaintiff clearly disagrees with the Order, but that cannot serve as a basis for reconsideration."  Winterbottom, 2019 WL 7116352, at *1.  Because the Court has already analyzed these arguments, Plaintiff Garcia's Motion is DENIED.

**II.  Plaintiff Garcia's Arguments Fail on the Merits**

The Court further finds that Plaintiff Garcia's Motion fails on the merits because Defendant Lombardi was not acting under color of law.

**A.  Defendant Lombardi's Own Conduct**

Plaintiff Garcia points to two incidents during Virginia family court proceedings that she argues show Defendant

Lombardi acting under color of law: (1) Defendant Lombardi's statement in 2012 that he would have been fired by HPD had he committed a sexual assault against his and Plaintiff Garcia's daughter, and (2) Defendant Lombardi's use of the custodial interference reports filed by HPD officers in 2017.

Because Defendant Lombardi was off duty for the Virginia family court proceedings, he may only be found to have acted under color of law if "(1) [he] purport[ed] to or pretend[ed] to act under color of law, (2) his pretense of acting in the performance of his duties . . . had the purpose and effect of influencing the behavior of others, and (3) the harm inflicted on plaintiff related in some meaningful way either to the officer's governmental status or to the performance of his duties." Naffe v. Frey, 789 F.3d 1030, 1037 (9th Cir. 2015) (internal quotation marks and citations omitted; some alterations in original). "On the other hand, a government employee does not act under color of state law when he pursues private goals via private actions." Id.

### 1. 2012 Virginia Family Court Hearing

The 2012 Virginia family court hearing was plainly of a personal nature. That hearing related to the custody and visitation rights of Plaintiff Garcia and Defendant Lombardi as to their minor children. Defendant Lombardi's arguments made before the family court were private actions made in pursuit of

his private domestic relations goals.  Plaintiff Garcia has not shown that Defendant Lombardi pretended to assert control over the Virginia court based on his role as a Honolulu police officer, or that any such pretense in fact influenced the Virginia judge (whose 2012 order awarded Plaintiff Garcia sole custody and awarded Defendant Lombardi only limited visitation rights).

"Merely because a police officer is recognized as an individual employed as a police officer does not alone transform private acts into acts under color of state law."  Van Ort v. Estate of Stanewich, 92 F.3d 831, 839 (9th Cir. 1996).  Rather, "[a] police officer's actions are under pretense of law only if they are 'in some way related to the performance of his official duties.'"  Huffman v. Cty. of Los Angeles, 147 F.3d 1054, 1058 (9th Cir. 1998) (quoting Van Ort v. Estate of Stanewich, 92 F.3d 831, 838 (9th Cir. 1996)).  Because Defendant Lombardi's actions in Virginia family court "had nothing to do with, and bore no similarity to, the nature of [his state] job, [he] did not act under color of state law."  Dang Vang v. Vang Xiong X. Toyed, 944 F.2d 476, 480 (9th Cir. 1991) (citing and discussing Murphy v. Chicago Transit Auth., 638 F. Supp. 464, 468 (N.D. Ill. 1986)) (internal quotation marks omitted)).

### 2. 2017 Virginia Family Court Hearing

The 2017 Virginia family court hearing did not involve action by Defendant Lombardi under color of law for the same reasons as the 2012 Virginia family court hearing: It was private action unrelated to Defendant Lombardi's professional role. The hearing was initiated by Defendant Lombardi in an effort to hold Plaintiff Garcia in contempt of court for violating Defendant Lombardi's rights to visitation with their minor children. Mot. at 3.

The Court acknowledges that Plaintiff Garcia asserted in her Declaration that Defendant Lombardi used erroneous custodial incident reports in his effort to have Plaintiff Garcia held in contempt. Those erroneous incident reports were filed under color of law by other police officers. They were submitted for further investigation and disposition by the CID-Child Abuse division as to what, if any, action should be taken. The Court addressed the claims against Defendants Hee and Arakawa, the filing police officers, in its Order. But Defendant Lombardi's subsequent wrongful use of those reports was as a private citizen, by pursuing private action in Virginia family court to accomplish personal goals pertaining to visitation rights with his children. That the reports were originally filed under color of law by Defendants Hee and Arakawa does not transform every subsequent use of those

reports, especially a clearly wrongful use for personal purposes, into an action under color of law.

The familial purpose of the hearing underscores its personal nature; the hearing had nothing to do with Defendant Lombardi's official duties, nor did he attend the hearing in any official capacity. There was no pretense before the Virginia family court that Defendant Lombardi was present in his capacity as an HPD officer. And if there was, it does not appear that pretense had any impact (as the Virginia judge rejected Defendant Lombardi's 2017 arguments entirely and awarded fees to Plaintiff Garcia).

Accordingly, the Court again finds that Defendant Lombardi did not act under color of law in the 2017 Virginia family court hearing.

**B.  Joint Action**

Plaintiff Garcia next argues that, even if Defendant Lombardi's actions alone were not taken under color of law, there was a sufficient basis for the Court to find that Defendant Lombardi was engaged in joint action with the City and County of Honolulu. Plaintiff Garcia bases this argument on (1) Defendant Lombardi's comment in 2012 that he could not have committed the sexual assault in 2008 because he would have lost his job, and (2) the City and County of Honolulu's failure to fire or discipline him for the alleged 2008 sexual assault,

- 10 -

thereby "allow[ing] Defendant LOMBARDI to continue to argue to the Virginia court that he had not sexually assaulted his daughter."  Mot. at 3-4.

The Court first finds, once again, that these allegations are outside of the statute of limitations and therefore cannot form the basis for liability in the absence of any timely-alleged violation.  Regardless, the Court finds that neither instance rises to the level of joint action.  "When addressing whether a private party acted under color of law," courts must "start with the presumption that private conduct does not constitute governmental action."  Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999) (citation omitted).  As explained in the Order,

> "A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was 'a willful participant in joint action with the State or its agents.'"  Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002) (quoting Collins v. Womancare, 878 F.2d 1145, 1154 (9th Cir. 1989)).  "Our cases have been careful to require a substantial degree of cooperation before imposing civil liability for actions by private individuals that impinge on civil rights," id., only finding liability where "the particular actions challenged are inextricably intertwined with those of the government," Mathis v. Pac. Gas & Elec. Co., 75 F.3d 498, 503 (9th Cir. 1996).

Order at 69-70.

### 1. Defendant Lombardi's Comment During the 2012 Hearing

The City and County of Honolulu did not act jointly with Defendant Lombardi when Defendant Lombardi told the Virginia family court that he would have been fired if he committed the alleged sexual assault. That Defendant Lombardi referenced his employment status does not itself show willful participation by the City. It certainly does not show that the City and County of Honolulu was "inextricably intertwined" in Defendant Lombardi's representations to the Virginia court.

### 2. Failure to Discipline Defendant Lombardi in 2008

Plaintiff Garcia likewise fails to show joint action when she points to the City and County of Honolulu's decision not to discipline Defendant Lombardi in 2008. According to Plaintiff Garcia, the decision enabled Defendant Lombardi to make the 2012 statement, and she therefore concludes there has been a showing of joint action. Mot. at 4.

As reviewed in the Order, HPD conducted an investigation of the allegations of sexual assault against Defendant Lombardi and concluded they were unfounded. Order at 93. Plaintiff Garcia clearly disagrees with the outcome of that investigation, but her disagreement does not warrant a finding of joint action. The City and County offered persuasive evidence that it conducted a thorough investigation, and

Plaintiff Garcia did not meet her burden in showing any genuine issue of material fact remained.

In particular, Plaintiff Garcia does not show that the City and County of Honolulu had any stake or interest in the outcome of Defendant Lombardi's private litigation over his visitation rights with his children.  See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 926 (9th Cir. 2011) (stating that joint action "occurs when the state knowingly accepts the benefits derived from unconstitutional behavior" (internal quotation marks and citation omitted)).  The four-year time gap between the 2008 investigation of Defendant Lombardi and Defendant Lombardi's 2012 statement to the Virginia family court further undermines Plaintiff Garcia's argument that the two events were "inextricably intertwined."  And Plaintiff Garcia fails to offer sufficient evidence supporting any finding of a conspiracy.

Because Plaintiff Garcia's arguments fail on the merits, her Motion is denied.

### III. Plaintiff Garcia's Supplement is Improper

On October 23, 2020, Plaintiff Garcia filed a Supplement contending that the Court "overlooked and failed to adequately consider" an additional piece of evidence showing color of law:  The Administrative Review Board that disciplined Defendant Lombardi in 2017 in connection with the custodial

interference reports found that Defendant Lombardi was acting in his capacity as a police officer.  ECF No. 193.  Plaintiff Garcia is vague as to the specifics of this finding, failing to explain which of Defendant Lombardi's actions the finding applied to and failing to separate the specific findings of the Administrative Review Board from the arguments Plaintiff Garcia now wishes to make thereon.

The Supplement also misrepresents the posture of the now-cited evidence.  The Court did not "overlook" this evidence—Plaintiff Garcia did not submit it.  She raises the evidence for the first time on reconsideration even though her Supplement makes clear that the evidence was previously available to her, having been turned over in discovery.  ECF No. 193 at 4.

Rule 60(b) only permits reconsideration based on evidence that is "newly discovered."  Local Rule 60.1 similarly permits reconsideration based on the "[d]iscovery of new material facts" only where those facts were "not previously available."  L.R. 60.1.  The Ninth Circuit has repeatedly affirmed strict compliance with the "newly discovered" requirement, explaining, "[e]vidence is not newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence."  Wallis v. J.R. Simplot Co., 26 F.3d 885, 892 n.6 (9th Cir. 1994) (citation omitted) (declining to consider an affidavit submitted

for the first time on reconsideration of a summary judgment order because the movant "did not claim the evidence was unavailable to him at the time of summary judgment," and stating the Ninth Circuit "similarly decline[d] to accept the tardy affidavit"); see also Shalit v. Coppe, 182 F.3d 1124, 1132 (9th Cir. 1999) (affirming the district court's denial of reconsideration of its summary judgment order where the movant sought to introduce additional evidence on reconsideration, explaining "the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence'" (quoting Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993))).[2]

Plaintiff Garcia does not address why she failed to present the evidence in connection with her opposition to the summary judgment motions, and moreover does not provide any reason why she could not with reasonable diligence have discovered and produced the evidence before now. Plaintiff

---

[2] See also Henry v. Adventist Health Castle Med. Ctr., 970 F.3d 1126, 1133 n.5 (9th Cir. 2020) (affirming a decision by the district to deny reconsideration of its summary judgment order "because the [reconsideration] motion and Henry's belated declaration improperly attempted to introduce additional evidence that 'could reasonably have been raised earlier'" (quoting Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000))); Frederick S. Wyle Prof'l Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985) ("[T]o support a motion for reconsideration of a grant of summary judgment based upon newly discovered evidence," a movant is "'obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing.'" (quoting Engelhard Industries, Inc. v. Research Instrumental Corp., 324 F.2d 347, 352 (9th Cir. 1963)) (emphasis in original)).

Garcia's opposition to the motions for summary judgment likewise failed to mention any such finding.[3]

Accordingly, the Court is precluded from considering the previously available but newly submitted evidence.

**CONCLUSION**

Simply put, Plaintiff Garcia's Motion fails to "set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision." Winterbottom, 2019 WL 7116352, at *1.  Because Plaintiff Garcia repeats arguments already analyzed by the Court and because the Court finds no error of law or fact on the merits, Plaintiff Garcia's Motion for Reconsideration, ECF No. 192, is DENIED.

---

[3] The Local Rules mandate that a party submit any evidence she wishes to have the Court consider with her concise statement of facts.  L.R. 56.1(e) ("The opposing party shall" include in its concise statement "any additional facts the party believes the court should consider, set forth in the same manner as in the movant's concise statement.").  Local Rule 56.1(f) provides that:

> When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties.  Further, the court shall have no independent duty to review exhibits in their entirety, but rather will review only those portions of the exhibits specifically identified in the concise statements.

L.R. 56.1(f).  Again, Plaintiff Garcia did not submit the findings of the Administrative Review Board with her concise statement in opposition to the summary judgment motions.

IT IS SO ORDERED:

DATED: Honolulu, Hawai`i, October 30, 2020.

_Alan C. Kay_
Alan C. Kay
Sr. United States District Judge

Garcia v. City and County of Honolulu, et al., Civ. No. 18-00100 ACK-WRP
Order Denying Plaintiff Garcia's Motion for Reconsideration.